UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:99-CR-609-1 |
| | § | |
| GREGORY BATISE MOSLEY | § | |

## MEMORANDUM AND ORDER

Gregory Batiste Mosley pled guilty to one count of aiding and abetting bank robbery by force, in violation of 18 U.S.C. §§ 2113 and 2, and one count of using and carrying a firearm during and in relation to bank robbery, in violation of 18 U.S.C. § 924(c)(1). On July 10, 2000, this Court sentenced him to a 168 month term of imprisonment on count one and a consecutive 120 month term of imprisonment on count two, concurrent three and five year terms of supervised release, restitution of $155,348.28, and a $200 special assessment. *See* Dkt. No. 28. On June 14, 2016, Mosley filed a motion to vacate, correct, or set aside his sentence.

This case is now before the Court on Mosley's motion (Dkt. No. 123), and the government's motion to dismiss Mosley's motion (Dkt. No. 126). Having carefully considered Mosley's motion, the government's motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that the government's motion should be granted, and Mosley's motion should be denied.

## I.     Applicable Legal Standards

Mosley brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

## II. Analysis

Mosley's motion is unclear as to the specific grounds for relief asserted. He appears to contend that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* held that a provision of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. Mosley also appears to assert that the Court's treatment of his bank robbery conviction as a crime of violence is unconstitutional under *Johnson*.

Mosley was not sentenced under the ACCA. Therefore, *Johnson* is not directly applicable to this case. Mosley's contention that *Johnson* invalidates the Court's treatment of his bank robbery conviction as a crime of violence in determining his sentence is also unavailing.

The ACCA, 18 U.S.C.§ 924(e), provides for enhanced penalties for a defendant convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), if that defendant has three or more prior convictions "for a violent felony or a serious drug offense, or both . . . ." The statute defines "violent felony" as a crime that

> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court held that the residual clause of the ACCA, *i.e.*, the clause enhancing penalties for a defendant previously convicted of a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another", is unconstitutionally vague.

Mosley was sentenced pursuant to 18 U.S.C. § 924(c)(3), which states:

> For purposes of this subsection the term crime of violence"
> means an offense that is a felony and—

**(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

**(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Mosley contends that bank robbery does not have the use of force as an element, as required by subsection (A), and that the definition in subsection (B) was rendered unconstitutional by *Johnson*.

To the extent that Mosley challenges any use of subsection (A), his claim is time barred, as discussed below. His claim that subsection (B) is unconstitutionally vague is foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670, 677-78 (5th Cir. 2016), where the Fifth Circuit held that an identically worded statute satisfies the constitutional concerns of *Johnson*. Thus, Mosley's subsection (B) argument is precluded by *Gonzalez-Longoria*.

To the extent that Mosley asserts grounds for relief on some basis other than *Johnson*, the motion is untimely.[1] Mosley's motion is subject to a one year statute of limitations, which began to run on May 6, 2003, the date on which Mosley's conviction became final. *See* 28 U.S.C. § 2255(f)(1). The Fifth Circuit dismissed Mosley's appeal on February 5, 2003. *United States v. Mosley*, No. 02-20094 (5th Cir. Feb. 5, 2003). Mosley's time to file a petition for a writ of *certiorari* expired 90 days later, on May 6, 2003. *See, e.g., Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Mosley's judgment became final on May 6, 2003. Mosley's motion was due by May 6, 2004. His motion, filed on June 7, 2016, is more than 12 years too late.

---

[1] With regard to claims created by *Johnson*, the statute of limitations began to run on June 26, 2015, the date the Supreme Court issued its decision in *Johnson*. Therefore, his *Johnson* claims are timely.

## III.    Conclusion

For the foregoing reasons, Mosley's motion is denied, and the government's motion to dismiss is granted.

## IV.    Certificate Of Appealability

Mosley has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further."  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

Reasonable jurists would not disagree *that Johnson* does not entitle Mosley to relief, and that all other claims are time-barred. Therefore, Mosley is not entitled to a certificate of appealability.

## V.      Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A.      The government's motion to dismiss (Dkt. No. 126) is GRANTED;

B.      Gregory Batiste Mosley's motion to vacate, set aside, or correct sentence (Dkt.

No. 123) is DENIED; and

C.      No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum

and Order.

SIGNED on this 4th day of May, 2017.

 

_____
Kenneth M. Hoyt
United States District Judge